# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-51015
Summary Calendar

EARL SORRELLS

Plaintiff-Appellant

v.

Trooper FNU LOPATOWSKI; AMANDA SPITTLER; Officer J BRYANT; MARGO FRASIER, Sheriff; STAN KNEE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-1096

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Earl Sorrells, Texas prisoner # 0404860, appeals from the district court's denial of his motion for relief under FED. R. CIV. P. 60(b). Sorrells has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification that his appeal was not taken in good faith pursuant to Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997). Sorrells also seeks appointment of counsel on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his Rule 60(b) motion, Sorrells alleged that the defendants wrongfully arrested and prosecuted him through fraud and distortion of the facts. He repeats this bare allegation in his appeal of the denial of his motion. These conclusory assertions were and remain insufficient to show the kind of extraordinary circumstances required to warrant Rule 60(b) relief. See Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002). Sorrells has failed to show that the district court abused its discretion when it denied his motion for reconsideration. Moreover, Sorrells additionally raises claims that this court considered and rejected in his appeal of dismissal of his civil rights complaint, which claims are governed by the law of the case. See Fuhrman v. Dretke, 442 F.3d 893, 896 (5th Cir. 2006). For these reasons, Sorrrells' appeal is without arguable legal merit and is thus frivolous.

The district court's certification that Sorrells' appeal is not taken in good faith is upheld, Sorrells' motions for appointment of counsel and leave to proceed IFP on appeal are denied, and this appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Sorrells is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.